# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CURTIS LEE BROWN, SR.,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    Case No. CV406-113
                                 )
PRISON HEALTH SERVICES, INC.,    )
                                 )
    Defendant.                   )

## REPORT AND RECOMMENDATION

On May 1, 2006, Curtis Lee Brown, then incarcerated at the Chatham County Detention Center, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that numerous individuals at the detention center, and the detention center's health services provider, had deprived him of his due process rights and had demonstrated deliberate indifference to his serious medical needs.[1]  Doc. 1.  Following an initial screening of Brown's complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed all

---

[1] Since filing his initial complaint, Brown has been transferred, first to Coastal State Prison in Garden City, Ga., doc. 20, and then to Smith State Prison in Glennville, Ga., doc. 25.  Brown has filed documents with this Court since his transfer from Chatham County Detention Center, assuaging any concern he did not receive the Court's correspondence after his transfer.  Doc. 21.

defendants except for Prison Health Services (PHS). Doc. 9. PHS was served with a copy of Brown's initial and amended complaints on February 2, 2007. Doc. 15.

On July 3, 2007, PHS filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 23. Included with its motion was a supporting brief and a statement of undisputed material facts. Docs. 24, 25. Together with the defendant's motion for summary judgment, the Clerk of Court issued a notice to Brown warning him of the consequences that might follow if he failed to file a timely response to the defendant's motion. Doc. 26. Among those potential consequences were (1) the entry of final judgment for the defendant, and (2) the assumption that Brown does not dispute the facts set forth in the PHS's statement of undisputed material facts. Id. The clerk's notice also informed Brown of the July 26, 2007 response deadline. Id.

Despite the clear warnings in the clerk's notice, Brown has failed to respond to PHS's motion for summary judgment. In fact, he has failed to file anything with the Court since the filing of that motion. As a result of

Brown's unresponsiveness, PHS filed a supplemental brief on July 30, 2007, seeking summary judgment on the ground that its motion is unopposed. Doc. 27. For the reasons set forth below, PHS' motion for summary judgment should be **GRANTED**.

I. **BACKGROUND**

Brown alleges that he suffers from cancer, apparently Hodgkin's lymphoma. Docs. 1, 12, 25. He allegedly sought treatment from PHS employees, who informed him that PHS did not provide specialty or primary care for inmates and further instructed him that he would need to be released on bond to seek outside medical treatment for his condition. Doc. 12. The employees also refused to give him any pain medicine other than acetaminophen. Docs. 1, 12. As a result, his health steadily declined while he was incarcerated at the detention center, and he has experienced acute pain, lesions, numbness, blood in his urine, and "kidney decimation and failure." Id. Brown ultimately decided to bring this § 1983 action, in which he alleges that PHS has evinced deliberate indifference to his serious medical needs and seeks to recover $3 billion in damages for the suffering

he has experienced. Id.

## II. LEGAL ANALYSIS

### A. Summary Judgement Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). If the record taken as a whole would preclude a rational fact finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

### B. Legal Standard for Deliberate Indifference

Initially, the Court notes that Brown has not indicated whether his status at the detention center was that of pretrial detainee or convicted

inmate. His status is relevant to the Court's discussion because the rights of a pretrial detainee derive from the Fourteenth Amendment, while the rights of a convicted person derive from the Eighth Amendment. In any event, the distinction will have no practical impact on the Court's analysis of the defendant's motion for summary judgment. As the Eleventh Circuit has explained:

> [T]he minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs. Because both the Eighth Amendment cases and Fourteenth Amendment cases establish what constitutes "deliberate indifference," [the Court] will rely upon decisions in both types of cases.

Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (citation omitted); Thomas v. Town of Davie, 847 F.2d 771, 772 (11th Cir. 1988).

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." Id. at 106. The Eleventh Circuit has held that a delay in access to medical care that is "tantamount to 'unnecessary and wanton infliction of pain,'" may constitute deliberate indifference to a prisoner's serious medical needs. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (quoting Estelle, 429 U.S. at 104). But the Eleventh Circuit has also stated that some delay in rendering medical care may be tolerable, depending on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393–94 (11th Cir. 1994).

To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). "[I]t is obdurancy and wantonness, not inadvertence or error in good faith," that violates the Constitution in "supplying medical needs." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In fact, care provided to a prisoner need not be

"perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)).

To establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citation omitted).

A § 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." Brinton v Gaffney, 554 F. Supp. 388, 389 (E.D. Pa. 1983). Indeed, "even gross negligence" is insufficient to establish liability under § 1983. Miller v. King, 384 F.3d 1248, 1251 (11th Cir. 2004). The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness: "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

**C.   Merits of Prison Health Service's Motion**

Because it contracted with the Chatham County Detention Center to provide inmate health care services, PHS is "the functional equivalent of [a] municipality."[2]  Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). Consequently, Brown must point to evidence in the record from which a rational fact finder could find a causal connection between a policy or custom of PHS and the alleged deliberate indifference to his serious medical needs. See Monell, 436 U.S. at 691.

To disprove Brown's allegations, PHS served him with requests for admission pursuant to Fed. R. Civ. P. 36(a).  Under that Rule, when one party requests that another party admit the truth of given matter and the party to whom the request was made fails to respond within thirty days of the request, the matter is deemed admitted. Here, PHS served requests for admission upon Brown in May 2007. Doc. 24.  Among the admissions sought were (1) an admission that PHS always provided Brown with

---

[2] The Court notes that Brown is not seeking and could not seek relief under a theory of respondeat superior or vicarious liability.  Such relief is foreclosed by Polk County v. Dodson, 454 U.S. 312, 325 (1981). See also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

prompt medical treatment; (2) an admission that Brown's cancer was in remission during his incarceration; (3) an admission that all actions performed by PHS on Brown's behalf were taken in good faith, without malice, and were reasonable under the circumstances; and (4) an admission that no policy of PHS was responsible for any deprivation of Brown's constitutional rights. Doc. 25.

Although the latter two requests for admission smack of legal conclusions, not factual admissions, PHS correctly points out that Brown has made no effort to deny any of its requests. Therefore, even ignoring the legal conclusions contained in PHS's requests for admission, under Rule 36(a), Brown is deemed to have admitted that PHS provided him with prompt medical care and that his cancer was in remission during his incarceration at the Chatham County Detention Center. Docs. 24, 25.

Although the Court is sympathetic to Brown's condition, PHS is entitled to summary judgment. As noted above, Brown neither objected to PHS's requests for admission nor responded to PHS's motion for summary judgment. Because he did not object to PHS's requests for admission, the matters contained therein are considered admitted for purposes of this

litigation. Fed. R. Civ. P. 36(a), (b). Further, the notice from the Clerk of Court informed Brown that if he did not file a timely response to PHS's motion for summary judgment, he faced the possibility that the Court would deem admitted the facts in PHS's statement of material facts. Doc. 26. In that statement, PHS not only denies any policy or custom that would have caused Brown harm, it also asserts that it provided him with timely, professional treatment every time he requested it. Doc. 25.

In the absence of any record evidence suggesting the contrary, the Court must conclude that Brown has failed to meet his burden of putting forth material facts from which a rational fact finder could find that PHS had a custom or policy that manifested deliberate indifference to his serious medical needs.

### III. CONCLUSION

Because Brown has failed to present evidence raising any genuine issues of material fact, and PHS has presented evidence indicating that none of its policies or customs are responsible for Brown's alleged harms, PHS's motion for summary judgment pursuant to Rule 56(c) should be

**GRANTED.**

**SO REPORTED AND RECOMMENDED** this __6TH__ day of December 2007.

                                                  /s/ *signature*
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **SOUTHERN DISTRICT OF GEORGIA**